IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID FIFE, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 4:19-CV-00802-RWS-CAN |
| | § | |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Petitioner David Fife, an inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Docket No. 8.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

The Magistrate Judge issued a Report and Recommendation on May 3, 2022, recommending the petition be denied.  Docket No. 20.  The Court has received and considered the Report and Recommendation of the United States Magistrate Judge filed pursuant to the applicable orders of this Court, along with the record, pleadings and all available evidence.  Petitioner filed objections to the Magistrate Judge's Report and Recommendation (Docket No. 24), which triggers a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

First, Petitioner contends that the Magistrate Judge merely relied on the state court's resolution of his claim that counsel provided ineffective assistance by failing to challenge the search and to suppress evidence.[1]  Contrary to the Petitioner's assertion, the Magistrate Judge

---

[1] Petitioner also argues that his trial attorneys "have had 'numerous complaints' filed against them" and that one of his trial attorneys was "[dis]barred" for years.  Docket No. 24 at 2.  Petitioner has previously attacked the credibility of his trial attorneys.  *See* Docket No. 15-25 at 1–4.  Assuming arguendo that the Court may consider this argument,

considered the merits of the Petitioner's claim. To establish an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel performed deficiently and that the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 689–92 (1984). Analyzing an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Harrington v. Richter*, 526 U.S. 86, 101 (2011). On habeas review, the key question is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was reasonable. *Id*. As the Magistrate Judge noted, the state court found that the Petitioner had not met his burden of demonstrating that counsel provided ineffective assistance. Because the search warrant was issued for the apartment of Petitioner's girlfriend, the state court was able to determine Petitioner had no standing to challenge the search of another person's apartment. Based on the findings of fact, the state trial court found that any suppression motion or objection to the search would have been meritless. Therefore, the state court held that Petitioner's counsel was not deficient by failing to suppress evidence or challenge the validity of the search, and the Petitioner did not demonstrate that he was prejudiced by counsel's failure to suppress evidence or challenge the validity of the search.

During the state habeas proceedings, the trial court made relevant factual findings. The Court must accept those findings because Petitioner has not shown them to be incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e). Petitioner has not shown the state court's rejection of this claim was a reasonable application of *Strickland*. Thus, the Petitioner's first objection is **OVERRULED**.

---

Petitioner fails to show that the trial court was incorrect by clear and convincing evidence. *See, e.g.*, *Crawford v. Lampert*, 98 F. App'x 636, 638 (9th Cir. 2004) ("[D]isbarment, by itself, does not establish a claim of ineffective assistance of counsel.").

Second, Petitioner contends that the Magistrate Judge incorrectly determined that he did not have standing to challenge the search of the apartment of Petitioner's girlfriend. Petitioner argues that he has "automatic standing" under *Jones v. United States*, 362 U.S. 257 (1960), by being charged with an offense with an essential element of possession of seized evidence. Docket No. 24 at 2. Petitioner also argues that standing merely requires his legitimate presence on the premises. *Id.* at 3. Petitioner then argues that he has standing because (1) Petitioner lived with his girlfriend six days out of the week for two years; (2) Petitioner was receiving mail at his girlfriend's apartment in her mailbox and had a key to both; (3) Petitioner was using his girlfriend's home phone whenever he wanted; and (4) it is presumed Petitioner lived with his girlfriend because he had control of the apartment to protect them from unwanted intruders. Docket No. 26-1, Ex. 1.

The "automatic standing rule" of *Jones* has since been overruled. *United States v. Salvucci*, 448 U.S. 83, 85 (1980). And although "legitimate presence on search premises is not irrelevant to one's expectation of privacy, it cannot be deemed controlling." *Rakas v. Illinois*, 439 U.S. 128, 148 (1978). Moreover, during the state habeas proceedings the trial court considered the points raised in Petitioner's standing objection and made the following factual findings:

25. Applicant alleges that counsel was ineffective for failing to challenge the search of his girlfriend's apartment;

26. Counsel responds that police had a search warrant to search the apartment and that Applicant lacked standing to challenge the search;

27. Applicant has failed to establish that he had standing to challenge the search of another person's apartment;

28. Applicant has not shown by a preponderance of the evidence that counsel was deficient for failing to challenge the search;

29. Applicant has not shown by a preponderance of the evidence that he was prejudiced by counsel's failure to challenge the search[.]

Docket No. 15-25 at 31–32. Again, this Court must accept these findings because Petitioner has not shown them to be incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e). Nor has Petitioner demonstrated that the state court's resolution of his claim based on standing was an unreasonable application of *Strickland*. Thus, Petitioner's second objection is **OVERRULED**.

Third, Petitioner contends that the Magistrate Judge failed to "heed to U.S. S.Ct. or 5th Cir. case law" by not considering the following four factors in her analysis of Petitioner's ineffective assistance claim for counsel's failure to object to prosecutorial misconduct:

> (1) The likelihood that the remarks would mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accident[ally] presented to the jury; and (4) whether other evidence against defendant was substantial.

Docket No. 24 at 6–7.

These factors however are used by the Sixth Circuit in analyzing prosecutorial misconduct. *See, e.g.*, *Bowling v. Parker*, 344 F.3d 487, 512–13 (6th Cir. 2003) (listing the four factors used "in determining whether the [statement's] impropriety is flagrant"). Although the four factors are persuasive in authority, they are not binding; the Magistrate Judge was certainly not required to consider them. As noted by the Magistrate Judge, the state court found that Petitioner had not met his burden of demonstrating that counsel provided ineffective assistance. Because the prosecutor properly drew inferences based on evidence presented at trial and addressed the defense counsel's attack on a witness's varying description of Petitioner, the prosecutor's argument was proper and did not speak to the credibility of its witnesses or inject matters from outside the record. Therefore, the state court held that Petitioner's counsel was not deficient by failing to object to the State's closing argument, and Petitioner did not demonstrate that he was prejudiced by counsel's failure to object. Petitioner has not shown the state court's rejection of this claim was a reasonable application of *Strickland*. Thus, Petitioner's third objection is **OVERRULED**.

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. To appeal judgment denying federal habeas corpus relief, a petitioner must receive a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, Petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. It is

**ORDERED** the petition for a writ of habeas corpus (Docket No. 8) is **DENIED**. It is further

**ORDERED** the case is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that a certificate of appealability is **DENIED**.

**So ORDERED and SIGNED this 30th day of June, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE